IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY BROUSSARD,

    Petitioner,                   No. CIV S-09-0128 GEB KJM P

  vs.

M.C. KRAMER, Warden,

    Respondent.                ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

        Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

The habeas petition filed in this case does not indicate that petitioner has pursued his current claims about the denial of parole in the state courts, suggesting that these claims are unexhausted. Moreover, even if the claims are properly exhausted, it is unclear from the petition which denial of parole petitioner challenges. Petitioner will be given leave to file an amended petition, clarifying his pursuit of state remedies and the exact nature of the challenge raised in this court.

IT IS THEREFORE ORDERED that:

1. Petitioner's motion for the appointment of counsel (docket no. 5) is denied;

2. The habeas petition is dismissed and petitioner is given leave to file an amended petition within thirty days of the date of this order; and

3. The Clerk of the Court is directed to send plaintiff the form for a habeas action by a person in state custody.

DATED: May 21, 2009.

_____
U.S. MAGISTRATE JUDGE

brou0128.dlta

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2