IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY J. BROUSSARD,

    Petitioner,                    No. CIV S-09-0128 GEB KJM P

    vs.

MIKE EVANS,                        FINDINGS & RECOMMENDATIONS

    Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 21, 2009, the court dismissed the petition in part because it was not clear that petitioner had exhausted state remedies in this challenge to a parole determination. The court gave petitioner the opportunity to file an amended petition, which petitioner has done. In the accompanying motion for a stay of the proceedings, petitioner concedes that the issues are not exhausted and that a petition is currently pending in the California Supreme Court.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

As noted above, petitioner has failed to exhaust state court remedies: the claims are pending before the California Supreme Court. Petitioner has asked, however, that the court stay these proceedings pending resolution of his exhaustion petition.

In Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court held that a district court may stay a mixed petition, containing both exhausted and unexhausted claims, pending exhaustion of state remedies. Rhines does not permit a court to stay a completely unexhausted petition. Accordingly, the petition should be dismissed without prejudice.

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 29, 2009.

U.S. MAGISTRATE JUDGE

2 brou0128.103

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).